20993.0002

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| ROLANDO MARTINEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:20-cv-00011 |
| | § | |
| UNITED STATES OF AMERICA | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT
PURSUANT TO THE FEDERAL TORT CLAIMS ACT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

NOW COMES, ROLANDO MARTINEZ ("Plaintiff") and files this *Original Complaint* for damages against the United States of America ("Defendant") pursuant to the Federal Tort Claims Act and for cause of action would respectfully show unto the Court as follows:

## I.     PARTIES

1.     Plaintiff is a resident of Eagle Pass, Maverick County, Texas.

2.     Defendant UNITED STATES OF AMERICA may be served with process by delivering a copy of the Summons and Complaint via certified mail to each of the following:

a.     John F. Bash, Esq., United States Attorney for the Western District of Texas, 111 East Broadway, Room A306, Del Rio, Texas 78840, Attn: Civil Process Clerk;

b.     William P. Barr Esq., Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, Attn: Civil Process Clerk;

c.     Department of Defense, 1400 Defense Pentagon, Washington, DC 20301-1400; and

d.     Ryan D. McCarthy, Secretary of the Army, 101 Army Pentagon, Washington, D.C. 20310-0101.

20993.0002

## II.   JURISDICTION and VENUE

3.     This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. & § 1346, *et seq*. for money damages for personal injuries that were caused by institutional failures and the negligent or wrongful acts or omissions of one or more employees of the United States government including any employee or service personnel charged with implementing and making sure existing policies and procedures were followed, any charged with ensuring policies and procedures were adequate and/or responsible for making any necessary revisions or modifications to such policies and procedures, and any whose duties included performing background / driving history checks and/or providing driver training while acting within the course and scope of their office or employment under circumstances where Defendant, if a private person, would be liable to Plaintiff in accordance with Texas law.

4.     This action arises out of an incident that occurred in Maverick County, Texas, the same county in which Plaintiff resides.  Maverick County is in the Western District of Texas, Del Rio Division.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1402(b) because the incident occurred in Maverick County, Texas.

## III.   CONDITIONS PRECEDENT

6.     Pursuant to 28 U.S.C. §2675(a), Plaintiff timely presented his claims to the United States by submitting Standard Form 95 ("SF 95) to the Department of the Army, via Facsimile and United States Mail to the OSJA IMSM JSAM, USAJNORTH and Army Support Activity, 2422 Stanley Road, Suite 201, JBSA, Fort Sam Houston, Texas 78234, on February 26, 2018.  Receipt of delivery was received on the same date and acknowledgement of delivery by the Department of the Army was received by correspondence dated June 29, 2018 (approximately four months later).

20993.0002

7.     By correspondence dated June 29, 2018, the Department of the Army requested additional information for review.   Additional information, medical and employment information was provided to the Department of the Army by correspondence dated July 24, 2018.   Receipt of delivery was received on the same date.

8.     By email dated December 17, 2018, the Department of the Army requested additional information.   Additional information, medical and employment information was provided to the Department of the Army by correspondence dated January 29, 2019.   Receipt of delivery was received on the same date.

9.     Filing of the administrative claim tolled the statute of limitations indefinitely or until such time as the Department of the Army takes final administrative action on the claim in writing.   Final administrative action on the claim occurred on November 19, 2019.

10.    Plaintiff has fully exhausted all administrative remedies under the Federal Tort Claims Act and has fully complied with the statutory prerequisites for bringing this tort action against the Defendant.

## IV.    FACTS

11.    Plaintiff brings this cause of action to recover damages for personal injuries and damages sustained and arising out of an automobile accident which occurred on or about October 23, 2017, in Eagle Pass, Maverick County, Texas.   Department of the Army recruiter Stanley Lee Martinez was engaged in the course and scope of his employment with the Department of the Army and operating a 2017 Dodge Ram northbound on US Highway 277 in Maverick County, Texas.   On the occasion in question, Plaintiff was also traveling northbound on Hwy 277 in front of Stanley Lee Martinez.   Plaintiff put his signal light to turn to the right when suddenly and unexpectedly his vehicle was rear ended by Stanley Lee Martinez's vehicle.   Stanley Lee Martinez disregarded

20993.0002

the turn signal and brake lights colliding with Plaintiff's vehicle. Plaintiff would show that the incident was proximately caused by the negligence of Stanley Lee Martinez and the Defendant thereby caused Plaintiff's damages enumerated below.

## V.    NEGLIGENCE

12.    Plaintiff would show that on the occasion in question, Stanley Lee Martinez was negligent in driving a motor vehicle upon a roadway/highway in a reckless manner, where no exceptions applied, to wit:

   a.    Failing to operate a vehicle in a reasonable and prudent manner;

   b.    In failing to keep a proper lookout;

   c.    Failing to maintain a proper speed;

   d.    In failing to timely apply the brakes to the subject vehicle in order to avoid the collision in question;

   e.    In failing to take evasive action in order to avoid the collision; and

   f.    In driving the vehicle in willful and wanton disregard for the safety of persons or property in violation of the TEXAS TRANSPORTATION CODE §545.401, V.T.C.A.

13.    The purpose of TEXAS TRANSPORTATION CODE §545.401 is to regulate the safe, smooth and orderly flow of traffic on streets, roadways and public highways, and their provisions were intended to inter alia, protect persons from injurious incidents.

14.    Plaintiff was among those persons intended to be protected by TEXAS TRANSPORTATION CODE sections §545.401. Accordingly, Stanley Lee Martinez's failure to comply with the provisions of said statute constitutes negligence per se, as a matter of law.

20993.0002

15.     Each and all of the above and foregoing acts, both of omission and commission, were negligent and constituted negligence and were each and all, independently and/or concurrently, the sole proximate cause of the Plaintiff's injuries and damages.

16.     The Department of the Army is liable for all of Stanley Lee Martinez's under the doctrine of *respondeat superior*.  Independently of the above actions and/or omissions, the Department of the Army was negligent:

      a.     In failing to properly train its drivers;

      b.     Failing to establish an adequate safety program;

      c.     Failing to adequately supervise its drivers;

      d.     Failing to establish adequate policies and/or adequately enforce these policies for its drivers including a policy of not using a cell phone when driving on Texas highways; and

      e.     In negligently hiring, supervising and retaining Stanley Lee Martinez who was an unqualified and incompetent driver.

17.     Each and all of the above and foregoing acts, both of omission and commission, were negligent and constituted negligence and were each and all, independently and/or concurrently, the sole proximate cause of the Plaintiff's injuries and damages.

## VI.     DAMAGES

18.     Plaintiff would show that as a proximate cause of the negligence of the Defendant, Plaintiff suffered serious and permanent injuries to his body.  In all reasonable probability, Plaintiff will suffer for a long time into the future, if not for the balance of his natural life.  The injuries have had a serious effect on Plaintiff's health and well-being.  Some of these ill effects are permanent and will abide with the Plaintiff long into the future.  Their ill effects have, in turn, caused

20993.0002

Plaintiff's physical and mental conditions to deteriorate generally so that the specific injuries and ill effect alleged have caused and will in all reasonable probability, cause Plaintiff to suffer the consequences and ill effects of such deterioration throughout his body long into the future, if not for the balance of his natural life for which he hereby sues.

19.     Plaintiff would show that as a result of the above described injuries, he has suffered:

      a.     conscious physical and mental pain and anguish in the past and future;

      b.     physical impairment in the past and future;

      c.     disfigurement in the past and future;

      d.     a loss of wages and a loss of wage-earning capacity in the past and future;

      e.     necessary and reasonable medical expenses in the past;

      f.     necessary and reasonable medical expenses that, in reasonable probability, will be incurred in the future.

20.     These expenses were incurred for necessary care and treatment of the injuries resulting from the incident complained of herein and the charges were reasonable and customary in the area of Maverick County, Texas.  As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that Plaintiff will incur additional expenses for Plaintiff's medical care and attention in the future, for which Plaintiff hereby sues the Defendant.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Defendant be cited in terms of law to appear and answer herein and that upon final hearing hereof, Plaintiff recover judgment against the Defendant for Plaintiff's damages as herein above set out with pre-judgment and post-judgment interest at the legal rate; costs of Court and for such other and further relief to which Plaintiff may be entitled under equity and in law.

20993.0002

Respectfully submitted,

LANGLEY & BANACK
745 E. Mulberry, Suite 900
San Antonio, Texas 78212
(210) 736-6600
(210) 735-6889 facsimile

By: _____
      IAN M. McLIN
      State Bar No. 24005071
      imclin@langleybanack.com
      RUBEN VALADEZ
      State Bar No. 00797588
      rvaladez@langleybanack.com

**COUNSEL FOR PLAINTIFF,
ROLANDO MARTINEZ**